IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Gerald O. Deel, ) | |
| ) | Civil Action No. 7:09-2817-GRA-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Home Depot USA, Inc., and ) | |
| Estes Express Lines, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on several motions by the parties. The plaintiff Gerald O. Deel ("Deel") brings this case *pro se* seeking damages he claims he suffered as a result of an alleged failed business relationship among the parties. The defendants in this case are Home Depot and Estes Express Lines.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

This court previously dismissed the plaintiff's claims against these same defendants in *Gerald O. Deel v. Home Depot USA, Inc. and Estes Express Lines*, C.A. No. 7:08-cv-00856-WMC ("*Deel I*"). The plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the court's decision. According to the plaintiff, he has returned to this court because the "original case and the subsequent appeal were influenced by false statements and submissions by Home Depot and Estes" (comp. at 3). In this action, the plaintiff states that he "is requesting a jury trial to defend the truth of the facts that were misrepresented in the previous case and to recover money that he is rightfully owed by the defendants. The actions by both defendants were deliberate and

designed to sway the court" (*id.*). In his complaint, the plaintiff asserts claims for defamation and intentional infliction of emotional distress, seeking recovery of contractual damages previously asserted in *Deel I* and losses on certain loans he claims to have personally guaranteed.

Home Depot filed a motion to dismiss on December 4, 2009, and Estes filed a motion to dismiss on December 9, 2009. By orders filed December 4 and 11, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motions. The plaintiff filed his opposition to both motions on December 14, 2009. The defendants filed replies on December 28, 2009.

On December 14, 2009, the plaintiff filed a "motion concerning judgment," which he styled as a motion pursuant to Federal Rule of Civil Procedure 60. Defendant Estes filed its opposition to the motion on January 4, 2010, and defendant Home Depot filed its opposition on January 6, 2010. On April 6, 2010, the plaintiff moved for summary judgment. Defendant Home Depot filed its opposition on April 22, 2010, and defendant Estes filed its opposition on April 23, 2010.

## **FACTS PRESENTED**

The plaintiff admits that he previously brought another lawsuit dealing with the same underlying facts as in this action. Comp. at 1. The plaintiff alleges that this court and the court of appeals in *Deel I* were improperly influenced to their conclusions by false statements and submissions by Home Depot and Estes. *Id.* at 3. In Claim 1 of the complaint, he alleges that Home Depot made false statements in the course of litigation in *Deel I*. *Id.* at 4. In Claims 2 and 3, the plaintiff alleges that Estes submitted false evidence and statements to the court in *Deel I*. *Id.* In Claim 4, the plaintiff asserts that he was emotionally damaged by the actions of Home Depot and Estes in *Deel I*. *Id.* In his claim

2

for relief, the plaintiff seeks recovery of the alleged contractual damages that he previously sought in *Deel I* in addition to damages for "personally guaranteed loans that were defaulted on as a result of the loss of income caused by Home Depot and Estes." *Id.* at 5. The plaintiff also seeks punitive damages and "[s]ufficient money to cover costs associated with the plaintiff's emotional stress caused by defendants [sic] actions." *Id.*

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569). Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Furthermore, a complaint is insufficient if it provides bare assertions lacking additional factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing *Twombly*, 550 U.S. at 555). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

3

***Res Judicata***

Home Depot and Estes argue in their motions to dismiss that the plaintiff's claims for damages and any contractual claims the plaintiff already asserted in *Deel I* are barred by *res judicata*. To establish *res judicata* as a bar to litigation in South Carolina, the defendants must demonstrate the following elements: (1) identity of the parties or their privies in the two suits; (2) identity of the subject matter in both the earlier and the later suit; and (3) a final determination on the merits of the claim in the prior proceeding. *Briggs v. Newberry County Sch. District*, 838 F. Supp. 232, 235 (D.S.C. 1992) (citing *H.G. Hall Constr. v. J.E.P. Enterprises*, 321 S.E.2d 267, 271 (S.C. Ct. App. 1984)).

In *Deel I,* the plaintiff alleged breach of contract claims against Home Depot and Estes claiming that his company, Deel's Delivery Transfer, Inc. ("DDT") suffered monetary losses. As DDT is a corporation that cannot be represented by a non-attorney individual and as DDT failed to engage counsel within the time frames given by the court, DDT was dismissed as a plaintiff in *Deel I* on May 6, 2008. As to the claims asserted by the plaintiff individually, this court granted the motions to dismiss of defendants Home Depot and Estes finding that the plaintiff failed to assert that he suffered any personal or individual harm.

Under the *Briggs* test, *res judicata* bars the plaintiff's claims for damages and any contractual claims the plaintiff already asserted in *Deel I* because each of the three elements is met. First, the parties in the present action are exactly the same as the parties in *Deel I*. Second, there is an identity of subject matter between the suits. Under South Carolina law, a fundamental test for identifying the subject matter of the causes of action is to determine whether the primary right and duty and the wrong are the same in each action. *Nunnery v. Brantley Constr. Co., Inc.*, 345 S.E.2d 740, 743 (S.C. Ct. App. 1986). In the present case, the alleged right arises out of the same failed business relationship and the alleged wrong contains virtually the same wrong and damages alleged in *Deel I*; the

plaintiff seeks the recovery of damages for invoices that were "provided but not paid for." Comp. at 5. Third, a final determination on the merits of the claim occurred in *Deel I*, as it was dismissed pursuant to Rule 12(b)(6). A dismissal under Rule 12(b)(6) is accorded *res judicata* effect. *Fayetteville Investors v. Commercial Bldrs., Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). For these reasons, the plaintiff's claims relating to the payment for services provided by the plaintiff and the contract referenced by the plaintiff should be dismissed with prejudice due to the doctrine of *res judicata*.

### *False Statements and False Evidence in Deel I*

The plaintiff also alleges that Home Depot and Estes submitted false statements and false evidence to the court in *Deel I*. As argued by the defendants in their motions to dismiss, however, those alleged actions were subject to suit in *Deel I*, in which the plaintiff had a full and fair opportunity to make any necessary motions or appeals. It is improper to address these issues in separate litigation. *See, e.g., Weldon v. United States*, 70 F.3d 1, 5 (2d Cir. 1995) ("Plaintiff may not relitigate in [Case] II the claims of misrepresentation that she could have litigated . . . in [Case] I".). *See Sub-Zero Freezer Co. v. R.J. Clarkson Co.*, 417 S.E.2d 569, 571 (S.C. 1992) (finding that claims that were litigated in the prior action, or could have been litigated because they arose out of the same transaction or occurrence, are barred).

On December 14, 2009, the plaintiff filed a "motion concerning judgment" (doc. 31) in which he seeks relief pursuant to Federal Rule of Civil Procedure 60. Under Rule 60(b), relief from a final judgment, order, or proceeding may be sought for the following reasons:

> 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing

5

party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Following judgment in *Deel I*, the plaintiff had ample opportunity to file a Rule 60 motion. Instead, he appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the court's decision.

Instead of taking the opportunity to file a Rule 60 motion in *Deel I*, the plaintiff filed a separate action. In order to bring an independent action in equity for relief under Rule 60, a plaintiff must show:

> "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law."

*Porter v. Frank*, No. 90-2713, 1991 WL 199867, *2 (4th Cir. 1991) (quoting *Great Coastal Express v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.*, 675 F.2d 1349, 1358 (4th Cir.1982)).

The plaintiff fails to establish any of the necessary grounds for relief in order to bring an independent action under Rule 60. Most notably, the plaintiff cannot show a defense to the fact that all causes of action in the prior litigation flow from an alleged contract between DDT and the defendants and that the plaintiff's complaint in the prior litigation failed to assert any personal or individual harm other than the alleged harms to the corporate entity, DDT. Based upon the foregoing, the plaintiff's motion should be denied, and these claims should be dismissed.

*Defamation*

The plaintiff purports to assert claims for "false representation" made in *Deel I*, the harm such representation caused him, and the destruction of his reputation. However, he fails to state a claim upon which relief can be granted. As argued by Home Depot, "South Carolina has long recognized that relevant pleadings, even if defamatory, are absolutely privileged." *Pound Place Partners, Inc. v. Poole*, 567 S.E.2d 881, 893 (S.C. Ct. App. 2002) (citing *McKesson & Robbins v. Newsome*, 33 S.E.2d 585 (S.C. 1945); *Rodgers v. Wise*, 7 S.E.2d 517 (S.C. 1940); *Texas Co. v. C.W. Brewer & Co.*, 185 S.E. 623 (S.C. 1936); *Sanders v. Rollinson*, 33 S.C. Law (2 Strob.) 447 (1848)). This judicial privilege is absolute in nature. "'At common law, parties to judicial proceedings were granted an absolute privilege to use defamatory language because of the overriding public interest that persons should speak freely and fearlessly in litigation, uninfluenced by the possibility of being brought to account in an action for defamation.'" *Pound*, 567 S.E.2d at 892 (quoting *Stewart v. Fahey*, 481 P.2d 519, 520-521 (Ariz. Ct. App. 1971) (internal quotations omitted)). "'The [46absolute] privilege covers anything that may be said in relation to the matter at issue, whether it be in the pleadings, in affidavits, or in open court.'" *Id.* (quoting W. Prosser & W. Keeton, The Law of Torts, § 114, at 817 (5th ed. 1984)).

The statements made during the course of *Deel I* and its appeal are absolutely privileged. The plaintiff's claims of defamation are based entirely on these statements. Therefore, they should be dismissed.

*Emotional Distress*

The plaintiff asserts that he has been emotionally damaged by the actions of the defendants. South Carolina law recognizes two causes of action for emotional injuries: intentional infliction of emotional distress and negligent infliction of emotional distress. The

7

plaintiff cannot establish a claim for negligent infliction of emotional distress. South Carolina courts have limited recovery on a theory of negligent infliction of emotional distress to allow for "bystander recovery" only. To establish a claim for negligent infliction of emotional distress a plaintiff must establish: defendant's negligence caused death or serious injury to another, plaintiff was a bystander in close proximity to the accident, plaintiff and the victim were closely related, plaintiff witnessed the incident and plaintiff must exhibit physical manifestations of emotional distress that can be established by expert testimony. *Kinard v. Augusta Sash & Door Co.*, 336 S.E.2d 465, 467 (S.C. 1985).

To recover for intentional infliction of emotional distress, or outrage, the complaining party must establish that:

> (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community; (3) the actions of the defendant caused plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was "severe" such that no reasonable man could be expected to endure it.

*Hansson v. Scalise Builders of South Carolina*, 650 S.E.2d 68, 70 (S.C. 2007) (citing *Ford v. Hutson*, 276 S.E.2d 776, 778 (S.C. 1981)). In *Ford*, the Court emphasized the heightened burden of proof articulated in the second and fourth elements of the tort, dictating that to prevail in a tort action alleging damages for purely mental anguish, the plaintiff must show both that the conduct on the part of the defendant was "extreme and outrageous" and that the conduct caused distress of an "extreme or severe nature." *Ford*, 276 S.E.2d at 778. South Carolina courts have noted "the widespread reluctance of courts to permit the tort of outrage to become a panacea for wounded feelings rather than reprehensible conduct." *Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 321 S.E.2d 602, 611 (S.C. Ct. App. 1984), rev'd on other grounds, 336 S.E.2d 472 (1985).

The plaintiff's allegations do not give rise to the extreme and outrageous conduct necessary to establish a claim for intentional infliction of emotional distress. Additionally, the plaintiff does not allege he has suffered the kind of distress that the law recognizes as severe. The plaintiff vaguely claims that he is emotionally damaged by the "actions" of defendants without providing any specific allegations of defendants' conduct. Assuming that the plaintiff is referring to the actions outlined in claims 1-3 of his complaint, it is without question that the "actions" as alleged are neither "extreme" nor "outrageous." The plaintiff alleges he cannot eat sleep or function without worrying. As pointed out by the defendants, worry is part of everyday life and experienced by people everywhere. A reasonable man can and does expect to experience worry and sometimes the worry may be heightened by everyday experiences, causing one to lose sleep or have changes in appetite. The plaintiff fails to establish the essential elements of either negligent infliction of emotional distress or intentional infliction of emotional distress. Therefore, the plaintiff's claim for emotional injuries should be dismissed.

### *Defaulted Personal Loans*

In the Relief section of the complaint, the plaintiff claims he is entitled to an amount in personally guaranteed loans that were defaulted as a result of lost income caused by the defendants. Comp. at 5. The plaintiff does not connect this purported loss to any of the claims alleged in his complaint and does not state a claim on which to base his prayer for relief. Nonetheless, since all of the plaintiff's claims flow from the same set of facts and issues, the plaintiff's claim for money lost due to personally guaranteed loans that were defaulted is necessarily based upon the same set of facts and issues as those adjudicated in the prior litigation. The plaintiff fails to state a claim upon which he can recover money for the defaulted loans, and any such claim is barred by *res judicata*. *See Sub-Zero Freezer Co. v. R.J. Clarkson Co.*, 417 S.E.2d 569, 571 (S.C. 1992) (finding that

9

claims that were litigated in the prior action, or could have been litigated because they arose out of the same transaction or occurrence, are barred).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the defendants' motions to dismiss (docs. 13, 20) should be granted as the plaintiff's complaint fails to state a claim upon which relief may be granted. However, the defendants' requests for costs and fees for defending this action should be denied. Further, the plaintiff's motion for summary judgment (doc. 55) should be denied as moot. Lastly, the plaintiff's motion concerning judgment (doc. 31) should be denied.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

May 14, 2010

Greenville, South Carolina