UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Gerald O. Deel, | ) | Civil Action No.: 7:09-02817-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Home Depot USA Inc. and Estes Express | ) | |
| Lines | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for a review of Magistrate Judge Catoe's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C. filed May 14, 2010. Plaintiff filed the *pro se* action on October 28, 2009. The magistrate recommends granting Defendants' motions for dismissal, denying Plaintiff's Motion Concerning Judgment, and denying as moot Plaintiff's Motion for Summary Judgment. Plaintiff filed his objections to the magistrate's Report and Recommendation on May 24, 2010. For the reasons stated herein, the Court adopts the Report and Recommendation in whole.

**Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This

Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). After considering timely objections, the district

judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

**Discussion**

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Order or Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Plaintiff makes three objections.

Plaintiff first objects to the magistrate's finding that a Rule 60 motion is not appropriate at this time. Plaintiff filed a separate action involving Federal Rule of Civil Procedure 60 to initiate the current Motion Concerning Judgment. He is seeking relief from the previous case (*Deel I*), which was dismissed in February 2009. Instead of filing a Rule 60 motion at that time, Plaintiff appealed to the Fourth Circuit Court of Appeals, which upheld this Court's order.

In order to bring an independent action in equity for relief under Rule 60, a plaintiff must show:

> "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud,

> accident or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law."

*Porter v. Frank*, No. 90-2713, 1991 WL 199867, *2 (4th Cir. 1991) (quoting *Great Coastal Express v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.*, 675 F.2d 1349, 1358 (4th Cir.1982)). Plaintiff is unable to meet the requirements in *Porter* to be able to proceed with an independent action under Rule 60. He cannot show a defense to the fact that all causes of action in the prior litigation flow from an alleged contract between Deel's Delivery Transfer, Inc. and Defendants, or that the complaint in the prior litigation failed to assert any personal or individual harm other than the alleged harms to the corporate entity. To the extent Plaintiff attempts to defend this failure by alleging that Defendants made false statements, the magistrate correctly dealt with this issue. Therefore, Plaintiff's objection is without merit.

Plaintiff's other objections merely rehash arguments brought up and ruled upon in *Deel I* or fail to give more than conclusory statements without adequate evidence to support his assertions. Plaintiff gives this Court no reason to question the soundness and veracity of the decisions made by the magistrate judge, this Court, or the Fourth Circuit Court of Appeals in *Deel I* and also gives no reason to question the magistrate judge's decisions in this matter. These objections are without merit.

## Conclusion

After a thorough review of the magistrate's Report and Recommendation and the objections thereto, this Court finds that the magistrate applied sound legal

principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss is GRANTED; Plaintiff's Motion Concerning Judgement is DENIED; and Plaintiff's Motion for Summary Judgment is DENIED as moot.

IT IS FURTHER ORDERED that Defendants' Requests for costs and fees is DENIED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

Anderson, South Carolina
May   26  , 2010


### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**